IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MICHELLE SAVU, MD §<br>   *Plaintiff* §<br> §<br>v. §<br> §<br>UNITED STATES OF AMERICA, §<br>DENIS R. MCDONOUGH, UNITED §<br>STATES SECRETARY OF VETERANS §<br>AFFAIRS §<br>   *Defendants* § | Civil Action No. 5:22-cv-0075 |

**PETITION FOR JUDICIAL REVIEW**

COMES NOW Petitioner, MICHELLE K. SAVU, MD and pursuant to Federal Rules of Appellate Procedure and 38 U.S.C. §7462, petitions this Court to review the decision of the Unites States of America and Denis R. McDonough, United States Secretary of Veterans Affairs who through their agent the Deputy to the Assistant Under Secretary for Health for Community Care Mark T. Upton, M.D reversed for a second time the Disciplinary Appeals Board's Unanimous Recommendation to re-instate Petitioner's clinical privileges to the South Texas Veterans Health Care System in San Antonio Texas. In support Petitioner will show the following:

**Nature of the Petition**

1. Petitioner Michelle K. Savu, MD [Hereinafter "Dr. Savu"] alleges that Respondent, the United States of America and Denis R. McDonough, Unites States Secretary of Veterans Affairs through their agent Mark T. Upton, M.D the Deputy to the Assistant Under Secretary for Health for Community Care, [Hereinafter "Upton"] acted in an arbitrary and capricious manner when they reversed, for the second time the

1

Unanimous Recommendation of the Disciplinary Appeals Board to re-instate Dr. Savu's clinical privileges with the South Texas Veterans Health Care System in San Antonio Texas and neglected to adhere to the provisions of Title 38, Part V, Chapter 74 Subchapter V.

2.  Dr. Savu seeks declaratory and injunctive relief, reinstatement, back pay with interest, attorney's fees and cost and cleansing of her record.

**Parties:**

3.  Petitioner MICHELLE K. SAVU, M.D. is a citizen of the United States and a resident of Santa Clara County, California.

4.  Respondent "UNITED STATES OF AMERICA" by the United States Attorney General Mr. Merrick B. Garland, who has his office at 950 Pennsylvania Avenue, NW, Washington D.C. 20530-0001.

5.  Respondent, DENIS R. MCDONOUGH Secretary United States Department of Veterans Affairs who has his office at 810 Vermont Avenue, Washington D.C. 20420.

**Jurisdiction and Venue:**

6.  This Court has Original Jurisdiction over this matter pursuant to 28 U.S.C. §1331.

7.  This Court has Jurisdiction to review final orders of the VA pursuant to 38 USCA §7462(f)(1); the Administrative Procedure Act, Sections 701-706, and the Back Pay Act 5 USCA §5596.

8.  Venue is proper pursuant to 28 U.S.C. §1391(b)(e) because the acts complained of primarily occurred within the geographical boundaries of the United States

District Court for the Western District of Texas, San Antonio Division.

**Facts:**

9. Dr. Savu, a female surgeon, started her employment with the U.S. Department of Veterans Affairs [hereinafter "VA"] in 2003 in San Diego, CA. Dr. Savu relocated to the South Texas Veterans Health Care System in San Antonio, Texas in 2008. She remained in Texas until her removal from federal service on February 7, 2017, for alleged substandard patient care.

10. Dr. Savu's issues with the South Texas Veterans Health Care System [Hereinafter "South Texas VAHCS"] started in December 2015 when she, as the "Section Chief of General Surgery" was asked by William B. Perry, M.D., the Chief of Surgery [Hereinafter "Chief of Surgery"] to pressure a senior surgeon to retire. The sole rationale for this request was the age of the surgeon. Dr. Savu contacting the EEOC for input and was informed that such action could be considered discriminatory. Dr. Savu refused to comply.

11. In early 2016, as Section Chief, Dr. Savu, counseled Elihu Ledesma, M.D. [hereinafter "Dr. Ledesma"] for his refusal to participate in the mandatory "Tumor Board" meetings which is considered the "Standard of Care" for surgeons operating on cancer patients. Conform the VA's Policies and Procedures she presented Dr. Ledesma with a counseling. Dr. Ledesma refused to sign and instead complained to the Chief of Surgery. The Chief of Surgery told Dr. Savu to "back off" regarding this issue. Dr. Savu contacted Julianna Flynn, M.D., the Chief of Staff [hereinafter "Chief of Staff"] for support. She approved of the counseling and informed the Chief of Surgery of the same.

12. Following this incident, Dr. Ledesma, during a meeting with physicians, residents, nurses, and medical students, singled out Dr. Savu, a single parent, and a pregnant female surgical resident by stating that "Female Surgeons should stay at home and raise their babies by themselves."

13. The Chief of Surgery was made aware of these comments and was asked to counsel Dr. Ledesma. He refused and delegated this task to Dr. Savu. During counseling, Dr. Savu made it clear that these types of statements were considered inappropriate and for future reference to please refrain. Dr. Ledesma became angry, belligerent, and confrontational and indicated that he would get even with Dr. Savu by reporting her to the "highest authority."

14. Fearing retaliation, Dr. Savu contacted a VA attorney to discuss the issues. The attorney contacted the Chief of Surgery and the Chief of Staff, and a meeting was arranged. During this meeting, the Chief of Staff acknowledged that Dr. Savu's counseling of Dr. Ledesma had been appropriate. Dr. Savu was satisfied with the acknowledgement.

15. On or about May 20, 2016, and without warning, Dr. Savu was asked to attend an Administrative Investigation Board hearing [Hereinafter "AIB"]. During the AIB Dr. Savu was asked questions about her work at the South Texas Veterans Health Care System and her interactions with fellow surgeons, physicians, and residents. She noticed that her words were being transcribed by a stenographer. Concerned, she requested a copy of the AIB transcript and was assured a copy would be provided. Despite this guarantee a transcript was never produced.

16. On or about June 15, 2016, Dr. Savu was notified by Robert Walton, the Director of South Texas Veterans Health Care System [hereinafter the "Director"] that her

4

surgical privileges were being summarily suspended. To justify this sudden action, the Director referenced her clinical decision-making during pre-operative, operative and post-operative management of three (3) of her patients.

17. Per the Veterans Health Administration [Hereinafter "VHA"] Handbook 1100.19, once a physician's clinical privileges are summarily suspended a comprehensive review of the reasons must be accomplished within 30 days of the date of the suspension. Following this review, the Director must, within 5 business days of its receipt, decide to either: exonerate the suspended physician; initiate a reduction regarding the suspension; or start a revocation process. Therefore, as per the VHF Handbook the Director should have made his decision regarding Dr. Savu's clinical privileges on or about July 20, 2016. The Director did not. The Director never followed any of the VHA Handbook 1100.19 processes and procedures. When questioned by Dr. Savu, he declined to provide an explanation, but instead assured her that the review would be completed by September 02, 2016. This day came and passed without a decision as well.

18. On or about September 14, 2016 the Chief of Staff notified Dr. Savu; that the Clinical Executive Board [Hereinafter "CEB"] of South Texas Veterans Health Care System in San Antonio, Texas was to convene on October 03, 2016; that she was invited to attend; that she would have 20 minutes to address the Board; that she could bring a representative; that the representative was not allowed to address the CEB; that CEB's recommendation would be forwarded to the Director for consideration and; that within five (5) working days of the receipt of the recommendations, the Director would make a decision to restore, to proceed with a reduction or proceed to revocation.

19. In preparation for the CEB meeting Dr. Savu was provided with the findings of an anonymous reviewer from the South Texas VAHCS [Hereinafter the "South Texas Reviewer"] as well as an anonymous reviewer from Central Texas VAHCS [Hereinafter the "Central Texas Reviewer"] of the clinical cases they had reviewed.

20. An assessment of the findings of these reviewers showed that the South Texas Reviewer and the Central Texas Reviewer hardly ever agreed with each other. The South Texas Reviewer found issues in Dr. Savu's management and treatment of almost every single one of Dr. Savu's cases presented for review, while the Central Texas Reviewer did not.

21. During her CEB presentation, Dr. Savu addressed the discrepancies between the reviewers; she explained her rationale for the management and treatment of her cases and presented the Board with peer review literature supporting her clinical decision making thereby supporting her argument that she met the standard of care.

22. After her presentation, she was assured that in accordance with the VA's Medical Bylaws and VHS Handbook a decision about her status was forthcoming. Again, this did not happen. Upon her November 9, 2016, she was informed that the matter was still pending.

23. On or about November 28, 2016, Dr. Savu received written notice that the South Texas VAHCS had commenced yet another review of the same cases already examined, this time to determine if substantial evidence existed to report any findings to the Texas State Licensing Board.

24. On December 15, 2016, Dr. Savu was informed in writing that the CEB proposed to remove her from federal service for "substandard patient care" and "failure

6

to appropriately plan care." Review of the document showed that the rational and language of the proposed removal was solely that of the South Texas Reviewer.

25. On or about January 27, 2017, Dr. Savu was notified in writing that she would be removed from federal employment effective February 7, 2017, for: Substandard Patient Care, Failure to Appropriately Plan Care and Failure to Appropriately Follow-Up on Care. She was informed that she had the right to appeal this decision to the Disciplinary Appeals Board [Hereinafter "DAB"] and to request a formal hearing.

26. On February 7, 2017, Dr. Savu appealed her removal to the DAB and requested a formal hearing. During preparation of this hearing Dr. Savu learned that the Central Texas Reviewer was a Dr. Matthew R. Bower, M.D. [Hereinafter Dr. Bower"] and that the South Texas Reviewer was Dr. Michael Nicholl, M.D. [Hereinafter "Dr. Nicholl"]. Dr. Nicholl had been a working colleague and subordinate of Dr. Savu at the South Texas Veterans Health Care System Hospital in San Antonio. The involvement of Dr. Nicholl was therefore circumspect because it is standard protocol to appoint two (2) outside physicians, who bear no relationship to the doctor being reviewed, as reviewers.

27. The DAB convened on April 4, 2016, in San Antonio, Texas. Chairperson was Ali Mchaourab, M.D., from Cleveland OH; Secretary was Joseph R. Pisegna, M.D. from Los Angeles CA; and Member was Patricia Stepp, M.D. from Cheyenne, WY. Each side presented witnesses who were subjected to cross examination. Despite the South Texas VAHCS specification that it would call Dr. Nicholl as well Dr. Bower, only Dr. Nicholl was called to testify. Dr. Savu testified on her own behalf. Testimony concluded on April 5, 2017.

28. Under 38 U.S.C §7462 (d)(1) the VA has no more than 90 days to execute the Decision by the DAB. On April 7, 2017, two days after concluding the hearing, the DAB made its recommendation to reinstate Dr. Savu, and concluded that, after the reading of the evidence and listening to the testimonies they found the evidence for negligence necessitating a penalty for removal not to be present. The VA did not respond until July 20, 2017, more than ninety days after the DAB's recommendation. Miguel LaPuz, MD the VA's Acting Principal Deputy Undersecretary for Health remanded the matter back to the DAB to re-evaluate. This was non-conform 38 U.S.C §7462 (d)(1).

29. On or about November 29, 2017, the DAB made its second recommendation and concluded again that, after the reading of the evidence and listening to the testimonies they found the evidence for negligence necessitating a penalty for removal not to be present. After the DAB considered all factors, they upheld one specification, based on Dr. Savu's delf confessed pre-operatively and intra-operatively inadequate decision making and for this specification recommended a 1-day suspension of her clinical privilege. The DOB unanimously recommended reversal of the penalty of removal from federal service and the re-institution of the clinical privileges of Michelle Savu M.D.[1]

30. On or about November 29, 2017, Dr. Savu received a second letter in which Miguel LaPuz, MD the VA's Acting Principlal Deputy Undersecretary for Health in a stunning, and unheard-of decision issued a reversal of the Unanimous Recommendation by the DAB because he "personally" felt that the DAB's decision was "clearly" contrary to the evidence under 38 U.S.C. §7462; VA Handbook 5021, Part V, Chapter 1, paragraph

---

[1] Exhibit A

9(e)(1)(a).[2]

31. This arbitrary, capricious, and unjust interference from Dr. LaPuz with the findings of the DAB meant that Dr. Savu had been permanently removed from federal service and was no longer able to practice as a surgeon with the South Texas VHCS in San Antonio, Texas. It also meant that she was reported to the National Practitioners Data Bank as well as the Texas Medical Board.

32. Based on the foregoing, Dr. Savu sought help from the Courts and filed a for a judicial review under Civil Action SA-18-CV-00993, arguing that the decision by Dr. LaPuz to vacate the decision by the DAB under 38 U.S.C. §7462(f) was arbitrary and capricious.

33. Dr. Savu was Ordered to Brief the Court regarding the arbitrary and capricious nature by which the VA had overturned the unanimous recommendation of the DAB and she did. [SA-18-CV-00993; D.E.-33]. The VA responded [SA-18-CV-00993; D.E.-34] and Dr. Savu replied. [SA-18-CV-00993; D.E. 35].

34. On April 26, 2021, the United States District Court For The Western District of Texas San Antonio Division found that the Acting Principal Deputy Under Secretary for Health did not apply the clearly contrary to the evidence standard when reversing the Disciplinary Appeals Board's Decision; Granted Dr. Savu her Petition for Judicial Review; VACATED the Acting Principal Deputy Under Secretary for Health decision and REMANDED the matter for further proceedings consistent with its opinion and directed the case closed [SA-18-CV-00993; D.E.-36] and issued its Final Judgement. [SA-18-CV-00993; D.E.-37].

---

[2] Exhibit B

35. Due to the remand, the Secretary of the VA in accordance with 38 U.S.C §7462 (d)(1) had again ninety-days to either execute the decision of the DAB, order reinstatement, award back pay, and provide for such other remedies as the board found appropriate.

35. In early August 2021, after more than ninety days had passed Dr. Savu reached out to VA to inquire about the status of the execution of the DAB's decision and reminded the VA that ninety-days had passed. On August 16, 2021, the VA responded by stating that the ninety-day deadline was not applicable because the scenario was driven by the Court and not by the VA.

36. In response Dr. Savu filed an Advisory to the Court indicating that the VA had not met their deadline under 38 U.S.C §7462 (d)(1) and that the VA should reinstate her in accordance with the unanimous recommendation of the DAB.

37. On September 03, 2021, the VA responded by stating that the issue was moot because that same day the VA had rendered a decision in which they reversed the DAB's unanimous recommendation. [SA-18-CV-00993; D.E.-39]. Attached to the response was a copy of a September 03, 2021, letter addressed to Dr. Savu in which the VA's agent Upton in another arbitrary and capricious manner and void of any well-reasoned or articulated rational, reversed the DAB unanimous decision once again.

38. On September 23, 2021, the Court issued an Order in which they explained that because they had not retained jurisdiction any appeal of the final administrative action would have to be filed as a new case. [SA-18-CV-00993; D.E.-40]

40. Based on the foregoing Dr. Savu seeks again this Court's Judicial Review of the arbitrary and capricious decision by which the VA and decided pursuant to 38 U.S.C.

10

§ 7462(d)(2) not to follow the recommendation by the DAB, but instead to reverse the DAB's decision and to uphold Dr. Savu's removal from Federal Service.

41. In addition, Dr. Savu seeks Judicial Review of the arbitrary and capricious way the VA interprets and applies Title 38, Part V, Chapter 74 Subchapter V as they seemed fit when dealing with this matter.

42. Petitioner specifically objects to the decision of the VA through Respondent Upton for the following reasons:

a. The Disciplinary Appeals Board consisted of three physicians who, after a two-day presentation of evidence, life testimony and cross examination of the witnesses, unanimously concluded that the evidence for negligence necessitating a penalty for removal was not present and presented a well thought out and concise rational for their decision;

b. Respondent Upton's overruling of the Disciplinary Appeals Board unanimous decision is not supported by any substantial or credible evidence, is in large part based on non-clinical reasons and is therefore arbitrary and capricious.

c. By repeatedly ignoring their obligations and by failing to adhere to the timeline under Title 38, Part V, Chapter 74 Subchapter V the VA is barred from invoking Title 38, Part V, Chapter 74 Subchapter V to reverse the DAB's unanimous recommendation for reinstatement of Dr. Savu's clinical privileges.

**Prayer**

WHEREFORE PREMISES CONSIDERED, Petitioner respectfully prays the court

11

to:

   a. Review the record, the evidence presented and the direct and cross examination of the witnesses;

   b. Review the unanimous recommendation by the Disciplinary Appeals Board and their foundation for reaching their decision;

   c. Review the decision of reversal of the unanimous recommendation by the Disciplinary Appeals Board by the VA through their agent Mark Upton, the Deputy to the Assistant Under Secretary for Health for Community Care, pursuant to 38 U.S.C. §7462;

   d. Overturn the decision of reversal of the unanimous recommendation by the Disciplinary Appeals Board by the VA through their agent Mark Upton, the Deputy to the Assistant Under Secretary for Health for Community Care;

   e. Order that the recommendation of the Disciplinary Appeals Board is restored;

   f. Order the reinstatement of Dr. Michelle Savu's clinical privileges as per the Disciplinary Appeals Board decision;

   g. Order that the record of the suspension of Dr. Savu clinical privileges be expunged from Petitioner's permanent record, except for the one-day suspension as recommended by the Disciplinary Appeals Board;

   h. Order that the South Texas Veterans Health Care System in San Antonio, Texas retracts all the reporting of Dr. Savu to the National Practitioners Data Bank;

   i. Order compensatory back pay to Michelle Savu, MD under the Back-Pay Act 5 USCA §5596;

   j. Order attorney's fees; and

    k. Order such other relief as the court seems just and proper.

                                      Respectfully submitted,

                                      */s/ Adriaan T. Jansse, MD, JD*
                                      ADRIAAN T. JANSSE, MD, JD
                                      State Bar No. 24043740

                                      JANSSE LAW
                                      P.O. Box 791215
                                      San Antonio, Texas 78279
                                      Tel: (210) 460-2135
                                      Fax: (210) 460-1947
                                      e-mail: aj@jansselaw.com

                                      *Attorney for Petitioner Michelle K. Savu, M.D.*